**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**


**EVELYN ROBBINS**                                                                      **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO 2:07cv371KS-MTP**

**CHERI WALKER; HARLON WALKER A/K/A ENCIL
WALKER; AND LITTON LOAN SERVICING LP**                        **DEFENDANTS**


<u>**ORDER**</u>

This matter before the court on a Motion for Default Judgment **[#5]** filed on

behalf of the plaintiff against co-defendants Cheri Walker and Harlon Walker a/k/a.

Encil Walker pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  The

plaintiff filed her Complaint on November 2, 2007, against the defendants based

primarily upon fraud and intentional misrepresentation, and served the defendants,

Cheri Walker and Harlon Walker a/k/a. Encil Walker on December 17, 2007, with a

copy of the Complaint attached to the Summons.  This matter was removed to federal

court by Litton loan Servicing, LP, on December 26, 2007.  To date, no answer or other

pleading has been filed by or on behalf of either of the Walker defendants and the

plaintiff has requested a default judgment and a hearing to determine damages.

The Federal Rules of Civil Procedure contemplate a two part procedure in

entering default.  First, under Rule 55(a), upon a proper showing that a party has failed

to plead or otherwise defend a case brought against him, the clerk of the court is

required to enter a default.  This entry prevents a defaulted party from entering any

appearance or defense in an action without further court order.  The court then

proceeds, under Rule 55(b) to enter judgment - by the clerk if the damages are

liquidated and by the court if a hearing to determine damages is required.  In some districts, as in this one, the preferred method is for the court to enter judgment whether the amount of damages are liquidated or not.  Regardless, an entry of default must be entered first before entry of a final judgment by default can be entertained.

In the present case, the plaintiff has not received an entry of default from the clerk before requesting the court to enter judgment in her favor.  However, upon examination of the record, the court finds that defendants Cheri Walker and Harlon Walker a/k/a Encil Walker are in default as they have failed to timely plead or defend in this action which was properly served upon them.  The court therefore finds that the plaintiff's Motion for Default Judgment **[#5]** should be viewed as a motion for entry of default and should be granted.

IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiff's Motion for Default Judgment **[#5]** is viewed as a motion for entry of default and hereby grants same and enters default against Cheri Walker and Harlon Walker a/k/a Encil Walker and directs that a docket entry of default be entered.

IT IS FURTHER ORDERED AND ADJUDGED that a hearing for determination of damages and for entry of final default judgment against Cheri Walker and Harlon Walker a/k/a Encil Walker is set for March 14, 2008, at 1:00 p.m. in Courtroom 1, United States Courthouse, 701 N. Main St., Hattiesburg, Mississippi.

SO ORDERED AND ADJUDGED this the 5th day of February, 2008.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE