IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**EVELYN ROBBINS**                                                                                          **PLAINTIFF**

**VERSUS**                                                      **CIVIL ACTION NO. 2:07cv371KS-MTP**

**CHERI WALKER; HARLON WALKER A.K.A
ENCIL WALKER; LITTON LOAN SERVICING, LP;
AND WELLS FARGO BANK, NATIONAL ASSOCIATION**          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss or Alternatively for Summary Judgment **[#28]** filed on behalf of defendant Wells Fargo Bank, National Association ("Wells Fargo") and on a Cross-Motion to Dismiss or Alternatively for Summary Judgment **[#31]** filed on behalf of the plaintiff, Evelyn Robbins . The court, having reviewed the motions, the responses, the pleadings and exhibits on file, the briefs of counsel and being otherwise fully advised in the premises finds that the motion to dismiss by Wells Fargo is well taken and should be granted and that the cross-motion filed on behalf of the plaintiff should be denied. The court specifically finds as follows:

## FACTUAL BACKGROUND

This action arises out of the transfer by the plaintiff of her life estate in her residential property to her daughter and son-in-law (the "Walkers"). Robbins initiated this matter on November 2, 2007, by filing a complaint against Cheri Walker, Harlon Walker and Litton Loan Servicing LP ("Litton") in the Circuit Court of Marion County,

Mississippi. Litton removed the case to this Court on December 26, 2007. Robbins filed her Amended Complaint on March 31, 2008, including Wells Fargo as an additional defendant.

In her Amended Complaint, Robbins alleges that the Walkers, among other things: fraudulently induced her to sign a warranty deed that conveyed the property to them; borrowed money on that property subject to a deed of trust; and subsequently defaulted on that mortgage. Without notice of this alleged fraud, Wells Fargo purchased the underlying promissory note for value from the original lender. Litton is the servicing agent on the note. However, the only factual allegation in the plaintiff's Amended Complaint regarding Wells Fargo is that it is the current holder of the promissory note and mortgage.

Claiming that the warranty deed by which she conveyed her life estate to the Walkers is voidable because of the Walkers' alleged fraud, Robbins requests that, among other things, a temporary restraining order and an injunction issue against Wells Fargo and Litton in order to prevent foreclosure on the property under the mortgage. Robbins asserts no other claims against either Wells Fargo or Litton.

## STANDARD OF REBIEW

In ruling on a 12(b)(6) motion, the court may not go outside the pleadinds. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990). As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most

favorable to the Plaintiff.  We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993); (internal footnotes and citations omitted).  *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).  While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, ____ U.S. ____ , _____ , 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted).

Since the 12(b)(6) motion usually only tests the allegations of the complaint, "a post-answer Rule 12(b)(6) motion is untimely and some other vehicle, such as a motion for judgment on the pleadings or for summary judgment must be used to challenge the failure to state a claim for relief."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1357 at 300 (1990).  However, such a result is only technically correct since subject matter jurisdiction may be raised at any time, either by the court *sua sponte* or by a motion to dismiss.  *See, Burks v. Texas Co.*, 211 F.2d 443 (5th Cir. 1954).  Therefore, any motion which challenges the subject matter jurisdiction of the court would be proper at any time, even up until trial.  Rule 12(h)(3), Fed.R.Civ.P.  Therefore, while technically a 12(b)(6) motion may be made at any time, even after a responsive pleading is filed, the court still may not consider anything but the well-pleaded allegations of the complaint in ruling on it.  If any matters outside the complaint are considered, the motion is converted to one for summary judgment.  Regarding such

conversion, Rule 12(b) provides specifically;

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Thus, "The element that triggers the conversion is a challenge to the sufficiency of the pleader's claim supported by extra-pleading material. It is not relevant how the defense is actually denominated." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1366 at 485 (1990). Further, as the Fifth Circuit has explained;

> The only way to test the merit of a claim if matters outside the bounds of the complaint must be considered is by way of motion for summary judgment. In that event, even if a motion to dismiss has been filed, the court must convert it into a summary judgment proceeding and afford the plaintiff a reasonable opportunity to present all material made pertinent to a summary judgment motion by Fed.R.Civ.P. 56. *Arrington v. City of Fairfield*, 414 F.2d 687 (5th Cir. 1969); 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 at 679 (1969).

*Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980). On a 12(b)(6) motion, of course the Court must view all well-pleaded facts as true and in the light most favorable to the non-moving party. However, "once the proceeding becomes one for summary judgment, the moving party's burden changes and he is obliged to demonstrate that there exist no genuine issue as to any material fact and that he is entitled to judgment as a matter of law." C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1366 at 506 (1990).

Both parties have moved for dismissal under 12(b)(6) and alternatively for summary judgment. However, Wells Fargo was brought in as a defendant by the

plaintiff and has not even filed an answer yet. Thus the court is not aware of any basis upon which the plaintiff would be entitled to any relief on her motion. Nevertheless, the plaintiff has attached an affidavit and to the extent the court is to consider extra-pleading materials, the Motion to Dismiss should be converted into one for summary judgment under Rule 56. The court does not deem this necessary but since both parties have addressed the matter as one, in the alternative, for summary judgment, the court will discuss it as such.

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*,

799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material."  *Id.*  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment."  *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552."  *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion.  *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating

such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## ANALYSIS

The basis of Wells Fargo's motion is that under Mississippi negotiable instruments law, it is a holder in due course of the mortgage note executed by the Walkers and, therefore, has the absolute right to enforce it and foreclose on the property. The defendant contends that Robbins does not, and could not, allege any

well-pleaded facts or point to any evidence to the contrary.

Mississippi Code Annotated § 75-3-302 provides that a holder of an instrument is a "holder in due course" if:

> (1)  The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and
>
> (2)  [t]he holder took the instrument (i) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument . . . , and (vi) without notice that any party has a defense or claim in recoupment . . . .

§ 75-3-302(a).

A holder in due course of a negotiable instrument has the right to enforce it, and takes it free from virtually all claims to the instrument, and defenses and claims in recoupment of all parties.  *See* Miss. Code Ann. §§ 75-3-301, 75-3-305(b), 75-3-306.  Importantly, "the holder of a negotiable paper is presumed to be a prima facie holder in due course, [and] the burden to prove that the holder is not entitled to recover upon the note is cast on the party seeking to escape its provisions".  *Ocwen Loan Servicing, LLC v. Branaman*, 554 F. Supp. 2d 645, 648 (N.D. Miss. 2008).

In this case, the plaintiff alleges that Wells Fargo is the holder of the mortgage, but she fails to allege any facts to undermine Wells Fargo's prima facie status as a holder in due course.  Robbins does not question the fact that the mortgage was supported by valuable consideration.  Furthermore, she does not allege, nor point to any evidence, that Wells Fargo was a party to the alleged fraud by the Walkers in

connection with the deed, or that Wells Fargo had any knowledge or notice of that fraud or of any claim in connection with it.

Based on the foregoing, the court finds that Wells Fargo took the mortgage note (1) for value, (2) in good faith, and (3) without notice of any defense against it or claim to it on the part of any person. Further, Robbins has not alleged any well-pleaded fact or pointed to any evidence to the contrary. Thus, Wells Fargo is entitled to holder in due course status. *See, e.g., Bricks Unlimited, Inc. v. Agee*, 672 F.2d 1255, 1258-59 (5th Cir. 1982)(holding that bank was a holder in due course of a note secured by a deed of trust, where bank took the note for value and "in good faith and without notice of any claims, because it is undisputed that the [b]ank was not aware of the . . . [garnishing creditor's claim] at the time the [borrowers] negotiated the note to the [b]ank"); *Carson v. McNeal*, 375 F.Supp.2d 509, 515 (S.D. Miss. 2005) (holding that a purchaser of refinanced mortgages was a holder in due course where, among other things, its relationship with the original mortgage lender "was that of buyer and seller, not principal and agent").

The plaintiff's first response is that the alleged fraudulent conduct by the Walkers makes the underlying warranty deed void and thus "results in an empty deed of trust." She then argues that the burden of proof shifts to the defendant to rebut the allegations of fraud by clear and convincing evidence. However, the plaintiff produces no citation of authority for this rather novel argument and the court is aware of no legitimate basis to support it.

The plaintiff next admits that Wells Fargo is a holder in due course of the promissory note, a negotiable instrument, but then opines that the deed of trust is not a

negotiable instrument which is subject to the holder in due course statute. Therefore, according to the plaintiff, Wells Fargo has absolutely no interest or right to the property owned by Robbins and its only remedy is to seek a money judgment against the Walkers. Once again, a rather novel argument without citation of authority to support it.

However, because of Wells Fargo's rights as a holder in due course of the mortgage note, Robbins may not prevent it from foreclosing on the property. The deed of trust only provides the mechanism for enforcing the promissory note. The note itself forms the basis of the lien applicable to the subject property. Simply because the deed of trust is not itself a negotiable instrument in no way prevents a holder in due course from exercising its rights under the note to acceleration of the note and ultimate enforcement of the lien through foreclosure. *See Ocwen Loan Servicing, LLC v. Branaman*, *supra*, (holding that allegations of fraud concerning the underlying debt did not prevent the foreclosure of real property by a holder in due course of the allegedly fraudulent note).

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss or Alternatively for Summary Judgment **[#28]** filed on behalf of defendant Wells Fargo Bank, National Association is granted and the plaintiff's claims against it are dismissed with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that the Cross-Motion to Dismiss or Alternatively for Summary Judgment **[#31]** filed on behalf of the plaintiff, Evelyn Robbins is denied. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 17th day of October, 2008.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE